IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                 OPINION AND ORDER

    Plaintiff,

                 10-cv-208-bbc
                 08-cr-176-bbc

  v.

BENJAMIN M. ERICKSON,

    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

  Defendant Benjamin M. Erickson has filed a motion for post conviction relief under 28 U.S.C. § 2255, contending that he was denied the effective assistance of counsel. He argues that his counsel failed to represent him properly when counsel withdrew an objection to the probation office's recommendation that defendant receive an enhancement to his sentence for lying to law enforcement officers. After reviewing the record and the parties' briefs, I conclude that defendant cannot prove his claim of constitutionally ineffective counsel. He has not shown that his counsel's representation fell below the constitutionally minimum standard required of criminal defense lawyers or that he suffered any prejudice as a result of counsel's allegedly ineffective actions.

1

BACKGROUND

On October 10, 2008, defendant robbed a bank in Holcombe, Wisconsin, while wearing a mask and carrying a gun and a box he told the tellers contained a bomb that could be activated by his cell phone. Defendant told the tellers to put money in a bag. He took the money, left the bank and drove off in a pickup truck, hitting a mailbox along the way.

Within an hour, defendant was stopped because his truck matched the description of the one used in the robbery and had damage to the front end. Defendant denied any involvement in the robbery and was allowed to drive away.

After further investigation of the crime and defendant's role in it, defendant was indicted on December 3, 2008 for bank robbery in violation of 18 U.S.C. § 2113(a). Defendant entered a plea of guilty to the indictment on January 13, 2009, represented by federal defender Michael Lieberman. At the plea hearing, the Assistant United States Attorney told the court that

> Special Agent Dave Fitzgerald of the FBI would testify that Agent Fitzgerald interviewed the Defendant Erickson on October 29th, 2008. At that time, the defendant claimed that his truck was at a body shop, Cadott Auto Sales, being worked on by a Mike Osmond, who the defendant said was a good friend of his cousin. He indicated the damage to his vehicle was caused by an assailant some months earlier. Agent Fitzgerald interviewed the friend of the defendant's cousin and he refuted the defendant's story. Further investigation revealed the defendant's truck was repossessed on October 11th, shortly after the bank robbery but prior to the defendant's interview with Agent Fitzgerald, and it was repossessed in the defendant's presence.

2

Trans., Plea Hrg., dkt. #29, at 8. In response to the court's question whether the facts stated by the prosecutor were substantially correct, the defendant said, "Yes, Your Honor." Id. at 9.

The probation office recommended a three-level enhancement in defendant's sentence for his lies to the FBI. According to the probation office, not only did defendant make the false statements outlined by the Assistant United States Attorney at the plea hearing, but he later gave the FBI a fabricated, detailed description of how the truck had been damaged and where it was. Presentence Investigation Rep., dkt. #11, at ¶ 9. The office recommended an enhancement for obstruction of justice because the false information required the FBI to undertake more interviews with additional witnesses. Id. at ¶ 32.

Defendant's counsel filed objections to the proposed enhancement for obstruction, arguing that although defendant had provided false information to the FBI, the information was not material to the offense because it had not significantly impeded or obstructed the investigation. Dkt. #13. The probation office took issue with the objections, pointing to the time and money the FBI had to expend to interview witnesses and investigate a number of false leads. Addendum to PSI, dkt. #14.

The probation office suggested that a downward departure in defendant's sentence might be warranted in light of a psychological report the defense had submitted, in which the psychologist found that defendant had suffered from post traumatic stress disorder as

3

a consequence of his wartime experiences. Evidently, defendant had told the psychologist that he had been ill-prepared to handle the devastation, trauma and death that surrounded him on a daily basis. The government objected to the downward departure after its investigation showed that defendant had served with the Minnesota National Guard in Kuwait on an airbase that had never been attacked and defendant had never been in combat. as he led the psychologist to believe. Dkt. #12. Although defendant's counsel argued that nothing in the National Guard information undermined the reality of defendant's mental health problems, dkt. #13, the probation office filed a second addendum, stating that it now believed that the psychological evaluation of defendant was invalid. Dkt. #18.

At the sentencing hearing, defendant's counsel withdrew both his objection to the obstruction enhancement and his request for a sentencing variance based on defendant's reports of post traumatic stress disorder to the psychologist. Sent'g Trans., dkt. #28, at 3. Defendant did not object or suggest to the court that he had a contrary view about the objections.

At sentencing, I found that defendant had obstructed justice, making the enhancement appropriate. Id. at 10-11. I did not give him a variance for post traumatic stress disorder but I did give him a slight reduction from the advisory guideline range of 63 to 78 months. The judgment and commitment order was entered on April 24, 2009. He did not appeal, but filed his motion on April 16, 2010.

4

OPINION

Defendant does not contend that his plea of guilty was invalid or otherwise attack his conviction. His only challenge is to his sentence, which he contends would have been lower had it not been for the ineffectiveness of his counsel in failing to maintain defendant's objection to the two-level enhancement for obstruction of justice. The contention is not plausible. It is true, as defendant argues, that the government never presented any evidence to the court to support its description of the manner in which defendant slowed down the investigation of the bank robbery. In fact, it did not need to, because defendant agreed on the record in open court that the description was accurate. Having done so, he is in no position to attack the court's reliance on the obstruction or his lawyer's failure to challenge it more vigorously.

Defendant was in an unusual position. The probation office had recommended both an enhancement for obstruction and a reduction for acceptance of responsibility. That combination is a rare one, granted only when a defendant who has obstructed justice changes course and cooperates with the government. Defendant's experienced trial counsel would have known that if he persisted in objecting to the two-level obstruction enhancement, he risked losing the three-level reduction for acceptance, upping defendant's guideline from 63-78 months to 87-108 months. And he would have known that he had no chance of succeeding in light of the facts that defendant had agreed to the obstructive conduct at his

5

plea hearing and had misrepresented his "wartime" activities to the psychologist. Continuing to object in these circumstances would have done no favors to defendant. Counsel's failure to object to the obstruction was not ineffectiveness under <u>Strickland v. Washington</u>, 466 U.S. 680 (1984), and it did not prejudice defendant because I would have applied the enhancement whether or not defendant had maintained his objection to it.

Citing <u>United States v. Scungio</u>, 255 F.3d 11 (1st Cir. 2001), defendant argues that his counsel was ineffective in representing him because counsel did not know that false statements to law enforcement could not have been used against defendant unless the defendant knew or had reason to know of a pending proceeding that his allegedly false statements were obstructing. In fact, no such knowledge is required for an enhancement of a guideline range in defendant's circumstances. <u>Scungio</u> involved an erroneous application of a guideline, U.S.S.G. § 2J1.2, in determining the base offense level of a offense concerning the administration of justice; this case involves the application of an enhancement under § 3C1.1 for obstructing or impeding the investigation of an offense. As the Court of Appeals for the First Circuit explained, the district judge erred in looking to § 2J1.2: "*enhancing* the sentence for another crime pursuant to [§ 3Cl.l] is not the same as sentencing a defendant for offense conduct described in Chapter Two ('Offense Conduct')" <u>Id.</u> at 15-16 n.5. (Emphasis in original).

Defendant has identified nothing to show that his counsel gave him ineffective

6

assistance at sentencing. He himself agreed that he had lied to law enforcement officers; his enhancement for obstruction was well founded.

Defendant's challenge to his sentence does not meet the demanding standard for a certificate of appealability. There is no support anywhere in the law for defendant's arguments that his counsel was ineffective. Because reasonable jurists would not disagree about this conclusion, I must deny defendant's request for a certificate of appealability. Pursuant to Fed. R. App. P. 22(b), if a district judge denies an application for a certificate of appealability, the defendant may request a circuit judge to issue the certificate.

ORDER

IT IS ORDERED that defendant Benjamin Erickson's motion for post conviction relief under 28 U.S.C. § 2255 is DENIED.

Entered this 5th day of October, 2010.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge

7